(For digest see Nichols v. Maxwell, ante, 38.)
This is an action for judgment enjoining the defendant, Commissioner of Revenue of North Carolina, from revoking and canceling the license heretofore issued to and now held by the plaintiff, a citizen of this State, to operate on the highways of this State, an automobile for the transportation of passengers for hire.
The plaintiff now holds a license heretofore issued to him by the Commissioner of Revenue of North Carolina to operate on the highways of this State an automobile for the transportation of passengers for hire. He has been engaged in the business of operating an automobile for the transportation of passengers for hire in this State for more than twelve years. No judgment has been rendered by any court against the plaintiff for the recovery of damages for injuries to the person or property of another caused by his negligence in the operation of an automobile.
Subsequent to the enactment of chapter 116, Public Laws 1931, the defendant, Commissioner of Revenue of North Carolina, notified the plaintiff that unless plaintiff furnished to the said Commissioner proof of his ability to respond in damages for injuries to the person or property of another, by filing with said Commissioner a bond or policy of insurance in accordance with the provisions of said act, the said commissioner would revoke and cancel the license now held by the plaintiff.
The defendant, Commissioner of Revenue, relied upon the provisions of the last paragraph of section 3 of chapter 116, Public Laws 1931, for his power to revoke and cancel the license of the plaintiff, upon *Page 42 
plaintiff's failure to furnish proof of his ability to respond in damages in accordance with the provisions of said act. The plaintiff contended that the provisions of said paragraph are not applicable to him, and denied that the defendant under said provisions has the power to revoke and cancel his license.
The action was heard after notice to the defendant to show cause why the temporary restraining order issued therein should not be continued to the final hearing. There was judgment that the temporary restraining order be dissolved and that the action be dismissed.
From judgment dismissing the action, plaintiff appealed to the Supreme Court.
We are of opinion that plaintiff is not included within the provisions of the last paragraph of section 3 of chapter 116, Public Laws 1931, and that for this reason there was error in the judgment dismissing this action. See Nichols v. Maxwell, ante, Plaintiff is covered and embraced within the provisions of section 1 of the act, and cannot be required by the Commissioner of Revenue to furnish proof of his ability to respond in damages in accordance with the provisions of the act, until he has failed to satisfy a judgment rendered against him for damages for injuries to person or property caused by his negligence in the operation of an automobile on the highways of this State. On the facts found by the court from the pleadings, plaintiff is entitled to judgment in accordance with the prayer of his complaint. The judgment dismissing the action is
Reversed.